UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CURTIS HAMRICK, on behalf of himself and those similarly situated,

      Plaintiff,

vs.

PARTSFLEET, LLC, a Florida Limited Liability Company, PARTSFLEET II, LLC, a Florida Limited Liability Company, FLEETGISTICS HOLDINGS, LLC, a Foreign Limited Liability Company, SCRIPTFLEET, LLC, a Florida Limited Liability Company, US PACK SERVICES LLC, a Foreign Limited Liability Company, MEDIFLEET, LLC, a Foreign Limited Liability Company, and US PACK HOLDINGS, LLC, a Foreign Limited Liability Company,

      Defendants.
_____/

CASE NO.:

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CURTIS HAMRICK, on behalf of himself and those similarly situated, sues the Defendants, PARTSFLEET, LLC, a Florida Limited Liability Company, PARTSFLEET II, LLC, a Florida Limited Liability Company, FLEETGISTICS HOLDINGS, LLC, a Foreign Limited Liability Company, SCRIPTFLEET, LLC, a Florida Limited Liability Company, US PACK SERVICES LLC, a Foreign Limited Liability Company, MEDIFLEET, LLC, a Foreign Limited Liability Company, and US

1

PACK HOLDINGS, LLC, a Foreign Limited Liability Company, (hereinafter collectively referred to as "US Pack") and alleges:

1. Over the last three years, US Pack has employed thousands of individuals, including Plaintiff, along the eastern United States who worked as "delivery drivers / couriers" for US Pack. These drivers are misclassified as "independent contractors." As a result of this misclassification, these drivers are not paid overtime wages for their work performed in violation of the Fair Labor Standards Act. Each of these similarly situated drivers are paid under a uniform system and misclassified as independent contractors. As a result of this pay practice, these misclassified drivers have not been paid any overtime wages whatsoever for their overtime hours worked in the last three years.

2. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff has worked as a driver for US Pack wherein he has been classified as an "independent contractor" at all times.

4. Plaintiff has worked for US Pack and its subsidiaries since January 2017.[1]

5. Defendant, PARTSFLEET, LLC, is a Florida Limited Liability Company

---

[1] In November 2018, US Pack completed the brand integration of Fleetgistics and its industry-focused divisions Partsfleet, Scriptfleet, and Medifleet. *See* https://www.gouspack.com/uspack-completes-brand-integration-of-fleetgistics/, attached as Ex. A.

2

which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

6. Defendant, PARTSFLEET II, LLC, is a Florida Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

7. Defendant, FLEETGISTICS HOLDINGS, LLC, is a Foreign Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

8. Defendant, SCRIPTFLEET, LLC, is a Florida Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

9. Defendant, US PACK SERVICES LLC, is a Foreign Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

10. Defendant, MEDIFLEET, LLC, is a Foreign Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

11. Defendant, US PACK HOLDINGS, LLC, is a Foreign Limited Liability Company which is headquartered in Orlando, Florida and is within the jurisdiction of this Court.

12. This Court is the proper venue for this action as Defendants are headquartered in Orlando, Florida.

13. US Pack is a "leading logistics provider" who provides "daily routed or on-demand delivery, same-day or next-day," with a "network of independent and dedicated professionals [] on-call 24/7 to handle delivery needs of all shapes, sizes, timeframes and locations." *See* www.gouspack.com/about-us/, attached as Ex. B

14. US Pack operates a "national network.....[w]ith locations less than five miles from 40 percent of the U.S. population," and who make "more than 1.1 million deliveries accounting for more than 5 million parcels every month." *See* www.gouspack.com/network/, attached as Ex. C.

15. To deliver these items, US Pack contracts with "independent professionals on-call 24/7 for delivery," and offers several services to its customers to fit their needs. *See* www.gouspack.com/industries/mission-critical-parts/, www.gouspack.com/services/on-demand-solutions/, and www.gouspack.com/services/routed-delivery-solutions/, attached collectively as Ex. D.

16. On its website, US Pack advertises dozens of similar positions for drivers to work with them throughout the country. *See, e.g.,* www.gouspack.com/contractor/opportunities/, excerpt attached as Ex. E.[2]

17. US Pack requires each driver to sign an "Independent Contractor Agreement" classifying the driver as an independent contractor to perform "transportation and distribution services" for US Pack and its subsidiaries.

18. US Pack employs thousands of other drivers at its locations to provide transportation and distribution services to US Pack's customers.

---

[2] As of January 18, 2019, US Pack has approximately fifty (50) openings for delivery driver / couriers on its website.

4

19. This action is brought under the FLSA to recover from US Pack overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every "delivery driver / courier" who contracted with US Pack as an independent contractor, who drove a vehicle with a gross vehicle weight rating of 10,000 pounds or less, and who worked for US Pack at any time within the past three (3) years.

20. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.[3]

21. During Plaintiff's employment with US Pack, each Defendant earned more than $500,000.00 per year in gross sales.

22. During Plaintiff's employment with US Pack, each Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

23. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

24. Therefore, each Defendant is considered an enterprise covered by the

---

[3] Defendants will likely argue that this matter should be compelled to arbitration based upon an arbitration provision contained in Plaintiff and the drivers' uniform independent contractor agreements. However, these arbitration agreements are invalid as Plaintiff and the other drivers fall within the transportation workers' exemption to arbitration contained within the Federal Arbitration Act, 9 U.S.C. § 1. The United States Supreme Court recently held that even transportation workers who are classified as "independent contractors" fall within this exemption and are not subject to arbitration under the FAA. *See New Prime Inc., v. Oliveira.*, 586 U.S. ____ (2019).

FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

25. At all times relevant to this action, US Pack failed to comply with the FLSA by misclassifying Plaintiff and the other delivery driver / couriers who "contracted" with US Pack as "independent contractors" (hereinafter the "class") and by failing to pay overtime compensation Plaintiff and the class.

26. During the last three years or more, US Pack has operated a delivery/courier service in the United States.

27. To service the US Pack clients, US Pack contracts directly with thousands of delivery driver / couriers who utilize their own small vehicles (a gross vehicle weight rating of 10,000 pounds or less) to provide the transportation and distribution services.

28. Each member of the putative class had to execute an "Independent Contractor Agreement" to work for US Pack.

29. These agreements designated each member of the putative class as an "independent contractor" under the FLSA.

30. However, the economic reality is that Plaintiff and the class are/were economically dependent upon US Pack.

31. US Pack both controlled Plaintiff and the class' job duties and pay.

32. US Pack instructed Plaintiff and the class which customers to service.

33. US Pack dictated what the customer pay rates would be for routes which Plaintiff and the class ran.

34. US Pack assigned the routes to Plaintiff and the class.

35. Plaintiff and the class members could not leave these routes without the express permission of US Pack.

36. US Pack would direct Plaintiff and the class to pick up and drop off deliveries to Defendants' customers.

37. US Pack required Plaintiff and the class to "sign in" on their phones an hour and a half before their route began each day.

38. US Pack required Plaintiff and the class to "scan in" at a warehouse or distribution center at the beginning of each day.

39. US Pack required Plaintiff and the class to "scan out" at a warehouse or distribution center at the end of each day.

40. Plaintiff and the class would have to return to the warehouse or distribution center to "scan out" even if they were finished with the deliveries assigned to them for the day.

41. Periodically, US Pack published memorandums, policies and guidelines to Plaintiff and the class regarding their job duties (and other topics), which they were then required to follow.

42. US Pack maintained exclusive control over the compensation received by Plaintiff and the class.

43. However, US Pack did not pay Plaintiff or the class any additional overtime compensation for overtime hours worked.

44. Plaintiff and the class routinely worked overtime hours without

receiving overtime compensation.

45. US Pack only paid Plaintiff and the class their regular pay for all hours worked.

46. US Pack maintained exclusive control over all other fees, including administrative, brokerage, uniform and phone fees (among other fees), charged to Plaintiff and the class.

47. Plaintiff and the class had no meaningful opportunity to choose the customers or routes they were assigned, or to bid or negotiate for certain jobs.

48. Plaintiff and the class could not reject servicing certain customers in their assigned routes.

49. Plaintiff and the class could not negotiate higher or lower rates with US Pack's customers.

50. Customers of US Pack paid US Pack directly for deliveries.

51. Customers of US Pack do not regularly give payment to Plaintiff or the class.

52. US Pack required Plaintiff and the class to purchase certain equipment for the job, including a specific phone, uniforms, and other delivery equipment.

53. US Pack required Plaintiff and the class to wear a uniform with US Pack's (or its subsidiaries') name on it.

54. US Pack monitored Plaintiff and the class with GPS monitoring on the shipments.

55. US Pack required Plaintiff and the class to log-in and log-out each day

both by their phone and by physically scanning in/out on a daily basis.

56. US Pack employs other employees whose primary job duties are to perform marketing or advertising on behalf of US Pack.

57. The transportation and delivery job duties performed by Plaintiff and the class did not require advanced training or a special skill.

58. Plaintiff has worked for US Pack or its predecessors for two years and was not temporary work with US Pack.

59. Plaintiff worked with other members of the class who had worked similar (if not longer) lengths of employment as himself.

60. Other members of the class who have or are joining this action worked significant lengths of employment with US Pack.

61. Plaintiff and the class were an integral part of US Pack's business because without these workers, US Pack's customers would not be served, and US Pack would not generate income off of Plaintiff and the class providing these services.

62. US Pack does not get paid by its customers unless Plaintiff and the class complete the transportation and delivery service.

63. As such, Plaintiff and the class were truly the employees of US Pack under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

64. Upon information and belief, the records, to the extent any exist and are accurate, concerning the deliveries made and amounts paid to Plaintiff and the class are in the possession and custody of US Pack.

65. However, US Pack failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and the class in violation of 29 C.F.R. § 516.20.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-65 above.

67. Plaintiff and the class are/were entitled to be paid overtime compensation for their overtime hours worked.

68. Plaintiff and the class routinely worked overtime hours to finish the jobs given to them by US Pack in many workweeks.

69. For example, Plaintiff routinely worked 50 or more hours per week, and even up to 70 hours in a week to perform the work for US Pack.

70. Other putative class members, including those who are joining this case, worked similar overtime hours.

71. Even though Plaintiff and the class routinely worked overtime hours, they were not paid any additional overtime compensation.

72. During their employment with US Pack, Plaintiff and the class were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked by them. *See supra.*

73. US Pack did not have a good faith basis for its decision to classify Plaintiff and the class as independent contractors.

74. In fact, US Pack and its predecessors have been sued by other

drivers/couriers previously under the FLSA and related state laws, and often settled such claims with those drivers. *See, e.g., Zolkos v. Scriptfleet, Inc. et al.,* Case No. 1:12-cv-8230 (N.D. Ill.); *Harris v. Scriptfleet, Inc.,* Case No. 2:11-cv-4561 (D. N.J.); and *Luciani v. Partfleet II, Inc., et al.,* Case No. 2:15-cv-3374 (E.D.N.Y.)

75. US Pack has shown reckless disregard in its repeated non-compliance with the FLSA in misclassifying its drivers as independent contractors.

76. As a result of US Pack's intentional, willful and unlawful acts in refusing to pay Plaintiff and the class complete overtime compensation, Plaintiff and the class have suffered damages plus incurring reasonable attorneys' fees and costs.

77. As a result of US Pack's willful or reckless violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

WHEREFORE, Plaintiff, CURTIS HAMRICK, on behalf of himself and those similarly situated, demands judgment against US Pack for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 22nd day of January, 2019.

> **/s/ C. Ryan Morgan**
> C. Ryan Morgan, Esq.
> Florida Bar. No 15527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 8th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> E-mail: RMorgan@forthepeople.com
> ***Attorneys for Plaintiff and the Class***