# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CURTIS HAMRICK,**

        **Plaintiff,**

v.                                              Case No: 6:19-cv-137-WWB-DCI

**PARTSFLEET, LLC, PARTSFLEET II, LLC, FLEETGISTICS HOLDINGS, LLC, SCRIPTFLEET, LLC, US PACK SERVICES LLC, MEDIFLEET, LLC and US PACK HOLDINGS, LLC,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Status Report and Motion to Extend Stay of Case (Doc. 110)** |
| **FILED:** | **February 2, 2022** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

By Order dated November 4, 2021, the Court stayed this case for 90 days to allow the parties to potentially resolve the outstanding arbitration issue. Doc. 109. The Court found that "a stay will reduce the burdens of litigation on both the parties and this Court." *Id*. at 2.

As required, on February 2, 2022, the parties filed a Joint Status Report that also included a Joint Motion to Extend Stay of Case. Doc. 110 (the Motion). The Motion has been referred to the undersigned for consideration. In the Motion, the parties explain that they "have been conferring with their respective clients and are confident that a decision regarding how to proceed

is forthcoming." *Id*. at 2.  The parties explain that they "are close to reaching an agreement regarding the arbitration issue and how to proceed, which may include resolving Plaintiff's and any or all of the Opt-ins' claims.  Thus, a stay will reduce the burdens of litigation on the Parties and this Court." *Id*. at 3.

In granting the initial stay in this case, the Court explained that:

> Courts have the inherent power to control their own dockets, including the power to stay proceedings." *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (citation omitted). "When considering such a stay, courts consider several factors, including (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues and streamline the trial, (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Baxa Corp. v. Forhealth Techs., Inc.*, No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006) (citations omitted).

Doc. 109 at 1.  Thereafter, the Court found that:

> Based on the parties' agreement, it does not appear that either party would be disadvantaged by a stay of these proceedings. The parties indicate that they have agreed upon a framework for potential resolution of the arbitration issue and need the requested time to finalize the agreed upon framework and to arbitrate the underlying claims. Thus, a stay will reduce the burdens of litigation on both the parties and this Court.

*Id*. at 1-2.  Given the similarity of the parties' request now to that already found appropriate by the Court, the undersigned sees no reason to recommend to the Court a contrary result.  Further, the undersigned notes that the 60-day request in the Motion is less than the initial request of 90 days.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 110) be **GRANTED**, that this case be **STAYED** until April 4, 2022, and that the parties be required to file a joint status report on that date.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 4, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy